IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN CLOBRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-05-334-C |
| | ) | |
| KEVIN WARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion of Defendants Kevin Ward, Jim E. Siler, and Lt. Jim McBride ("Defendants") to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiffs filed a Response and the matter is now at issue.

Plaintiff brought the present action alleging Defendants improperly seized his property and have failed to return that property. Plaintiff sued Defendants in their official and individual capacities. Defendants filed the present motion arguing the claims against them in their individual capacities are barred by Eleventh Amendment immunity and therefore the Court lacks subject matter jurisdiction over those claims.

Defendants' argument is only partially correct. To the extent Plaintiff seeks monetary damages from Defendants, the official capacity claims cannot be pursued in a 42 U.S.C. § 1983 claim. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under

§ 1983.").[1]  Plaintiff's reliance on <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658 (1978), is misplaced.  <u>Monell</u> involved a claim against a municipality, an entity that is within the definition of "person" for § 1983 purposes.  <u>See</u> <u>Will</u>, 491 U.S. at 67, n. 7. Because Plaintiff is pursuing his monetary damage claims against Defendants in federal court they are also barred by the Eleventh Amendment.  <u>See</u> <u>Ruiz v. McDonnell</u>, 299 F.3d 1173, 1180 (10th Cir. 2002) ("With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court.").[2]  Thus, Plaintiff's claims for money damages against Defendants in their official capacities will be dismissed.

However, Plaintiff's second cause of action seeks injunctive relief from Defendants, in their official capacities, alleging their actions constitute a continuing violation of the Constitution.  Official capacity defendants are persons for § 1983 purposes.  <u>Will</u>, 491 U.S. at 71, n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 167, n. 14 (1985)).  Likewise, injunctive relief claims against official capacity defendants seeking to end constitutional violations are not barred by the Eleventh Amendment.  <u>See</u> <u>Green v. Mansour</u>, 474 U.S. 64, 68 (1985); <u>Ex parte Young</u>, 209 U.S. 123,

---

[1]  The Supreme Court's reasoning was premised on issues of sovereign immunity, rather than Eleventh Amendment immunity.

[2]  To the extent Plaintiff seeks monetary damages from Defendants in their individual capacities, the Eleventh Amendment poses no obstacle.  <u>See</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 30-31 (1991) (Eleventh Amendment does not bar claims for monetary damages against officials in their individual capacities).

2

155-156 (1908).  Thus, to the extent Plaintiff seeks injunctive relief against Defendants in their official capacities, those claims survive.

As set forth more fully herein, the Motion of Defendants Kevin Ward, Jim E. Siler, and Lt. Jim McBride to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 7) is GRANTED in part and DENIED in part.  Plaintiff's claims seeking monetary damages from these Defendants in their official capacities are DISMISSED.

IT IS SO ORDERED this 18th day of May, 2005.

ROBIN J. CAUTHRON
United States District Judge